## CARRERAS *v.* CARRERAS ET AL.

### APPEAL from the District Court of Mayagüez.

No. 77.—Decided June 24, 1905.

CONJUGAL PARTNERSHIP—EVIDENCE.—In order to show the date on which a marriage ceremony is performed and thereby to determine the date upon which the conjugal partnership commenced, it is necessary to introduce as evidence the marriage certificate.

PLEADING—ALLEGATIONS—BURDEN OF PROOF.—Where a defendant neither denies nor admits in his answer facts alleged in the complaint, the plaintiff must prove the same.

TRIAL—INSUFFICIENT EVIDENCE—DISMISSAL—Where a plaintiff fails duly to prove the points which are necessary to be proved for the success of his action, the complaint must be dismissed.

The facts are stated in the opinion.

*Mr. Alvarez Nava* for appellant.

*Mr. Mendez Vaz* for respondent.

Mr. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On December 15, 1903, Attorney Pascasio Fajardo, on behalf of José del Carmen Domingo Carreras é Yrizarry, a minor, the latter represented also by his guardian *ad litem.* Antonio del Carmen Domingo Carreras é Yrizarry, filed a complaint in the District Court of Mayagüez against Lorenzo Carreras and Ramón Frontera, in which he stated as facts: That Juan Lorenzo Carreras y Velez married María Monserrate Yrizarry on October 29, 1873, by which marriage they had a number of children, among them the plaintiff and his guardian *ad litem;* that on February 9, 1891, Maria Monserrate Yrizarry died, her widower and sons being declared her intestate heirs by order of said court of July 20, 1903; that without any steps having been taken toward the settlement of the estate of Maria Monserrate Yrizarry, the defendant, Ramon Frontera, fraudulently and maliciously on March 1, 1899, induced the other defendant, Carreras, to place a mortgage in his favor on the property belonging to the conjugal partnership of Yrizarry-Carreras, well knowing that such a contract could not and should not have been executed by Carreras, inasmuch as the property left on the death of his wife had not been divided in accordance with the proper legal procedure; that the estate encumbered by Carreras in favor of Frontera, was acquired by the former by an exchange made with Hilario Anglero y Coascut on May 9, 1888, while Carreras was married to Maria Monserrate Yrizarry; that Frontera assigned to Domingo Rullan some of the installments of the mortgage credit which Carreras had established on March 1, 1899, in his favor, and by virtue of this assign ment Rullan brought summary proceedings against Carreras,

resulting in the award to him of the property mortgaged, thus depriving the plaintiff of the hereditary share to which he was entitled by the death of his mother; and that the real property having passed to the ownership of Rullan, who had not taken part in the mortgage contract, and who had recorded the assignment of the mortgage installments in the registry of property, the award could not be invalidated. The plaintiff cited in support of his complaint as provisions of law, articles 164, 1259, 1261, 1302, 1303, 1304, and 1307 of the former Civil Code, articles 139 and 205 of the Mortgage Law, and article 2010 of the former Law of Civil Procedure, and closed with the prayer that the mortgage deed executed by Carreras in favor of Frontera on March 1, 1899, before Jose R. Nazario de Figueroa, a notary of San German, should in due time be declared null and void, and, consequently also the record of said deed; and that as the property subject to the mortgage had passed by award to a third person—that is to say, to Domingo Rullan—and the record thereof cannot be annulled in accordance with the provisions of article 34 of the Mortgage Law, that Frontera be adjudged to restore to the plaintiff the products gathered amounting to 150 quintals of coffee, and to pay $9,000, at which sum both defendants, by mutual agreement, appraised the estate, with interest from the date of the award, and the costs of the action against Frontera.

Ramon Frontera made answer to the complaint through Attorney Jose de Diego, opposing it, and alleging that he neither denied nor affirmed the facts relating to the marriage of Lorenzo Carreras and Maria Monserrate Yrizarry, the birth of several children by the marriage, the death of Maria Monserrate Yrizarry and the declaration of her heirs, although he would accept the results of the evidence submitted in support thereof; that he absolutely denied that Frontera had induced Carreras fraudulently and maliciously to execute the mortgage deed executed on March 1, 1899; that when Carreras acquired the estate in question he was married; that

he was also married when he placed the said mortgage upon said estate, after receiving from Frontera the price stipulated in the contract; that if Carreras at the time he acquired the estate was married to Monserrate Yrizarry, and at the time he mortgaged it had entered into a second marriage with another person, receiving the money from Frontera and encumbering the estate to the prejudice of the children of the first marriage, then, in the event this did occur, the liability and fraud were chargeable exclusively to the mortgage debtor; that Carreras appeared in the Registry of Property of San German as having the right to alienate the estate mentioned, without the register showing in any way the alleged right of the plaintiff to the ownership of the estate; that Carreras had recently sold to Ruperto Hernandez Pascual, by public deed of September 16, 1903, the estate in question, without any intervention on the part of the plaintiff, no doubt with the intention of prejudicing the assignee of the mortgage, Domingo Rullan, who was already foreclosing the mortgage on the estate, which was awarded to the creditor in settlement of his claim for the price of $2,400, the amount thereof; and that the mortgage deed, the annulment of which is sought, was executed on March 1, 1899, and between said date and the date of the complaint, December 15, 1903, four years, nine months and fifteen days had elapsed. He cited in support of his claims as provisions of law, sections 1268 and 1275 of the Revised Code, and articles 34 and 36 of the Mortgage Law, and he concluded with the prayer that the complaint be definitely dismissed with the costs against the plaintiff.

The evidence submitted shows:

1. That by an order of the court of Mayagüez the children of Maria Monserrate Yrizarry, who died February 10, 1891, had by her during her marriage with Juan Lorenzo Carreras, and named Juan Lorenzo, Ramon Domingo, Juan Antonio, Maria Dolores Filomena, and Jose del Carmen Domingo Carreras é Yrizarry were declared her heirs, and that to the husband was reserved the corresponding widower's portion.

2. That by an order of said Mayagüez court of November 10, 1903, Antonio Carreras é Yrizarry was appointed guardian *ad litem* of his minor brother, Jose del Carmen Domingo Carreras é Yrizarry, to represent him in the action he was about to bring against Ramon Frontera, Domingo Rullan, and Juan Lorenzo Carreras involving his rights which had been prejudiced in his maternal inheritance.

3. That by public deed of June 5, 1874, Eugenio Comas sold to Juan Lorenzo Carreras, after the latter's marriage, and acting in his own name and in that of his brother, Rev. Antonio Ramos Colon, a tract of land consisting of 100 *cuerdas* more or less, with the metes and bounds set forth in said document, for which he had already received 15,000 *pesetas.*

4. That by another public deed of May 9, 1888, Juan Lorenzo Carreras, married, exchanged the estate he had bought, all of which now belonged to him on acount of his having purchased the part belonging to Rev. Ramos Colon, for an estate belonging to Hilarion Anglero y Coascut, having an area of 45 *cuerdas,* situated in the *barrio* of Maricao Afuera, in the municipal district of Maricao. It is to be noted that it was stated, among other things, in the deed of exchange that Carreras by another public deed of April 2, 1879, had declared that he had received the sum of 1,961.12 *pesos,* the amount of the portion of his minor children, Maria Jose and Maria Emilia del Carmen, which sum he was to deliver to them upon their attaining their majority, securing this obligation by a mortgage on said estate of 100 *cuerdas,* which mortgage was to be transferred to the estate of 40 *cuerdas* by virtue of the authority granted for the purpose by the judge of first instance of San German by order of April 26, 1888.

5. That by a public deed of March 1, 1899, Juan Lorenzo Carreras, married, mortgaged in favor of Ramon Frontera the estate which he had acquired by exchange from Hilarion Anglero y Coascut on March 9, 1888.

6. That the public deed of exchange executed by Carreras

and Anglero on March 9, 1888, was recorded in the Registry of Property of San German on the 14th of said month.

7. That the estate of 40 *cuerdas* acquired from Anglero by Carreras was awarded by the Mayagüez court by order of October 22, 1903, to Domingo Rullan, the assignee of Frontera, in summary execution proceedings, the ownership acquired by Rullan having been recorded in the Registry of Property of San German on December 26th of the same year.

We do not give the result of .the testimony of witnesses, considering it unnecessary for the final decision of the litigation.

The District Court of Mayagüez rendered judgment on November 2d of last year, which reads as follows:

"*Judgment.*—In the District Court of the Judicial District of Mayagüez, Porto Rico. *Jose del Carmen Domingo Carreras é Yrizarry* v. *Lorenzo Carreras and Ramon Frontera.* Civil No. 35. Annulment of a record. Judgment entered November 2, 1904. This cause was called to trial on October 31, 1904, according to its place on the docket. The plaintiff and the defendant, Ramon Frontera, entered an appearance through their counsel and stated that they were ready. The other defendant, Lorenzo Carreras, notwithstanding the fact that he had been duly summoned, did not enter an appearance, and his default was entered. The court, after hearing the evidence submitted and the arguments of the parties, reserved judgment, and now, on this 2nd day of November, 1904, holds that the law and the facts are, against the plaintiff, and adjudges that the latter shall not obtain anything from the defendants who stand relieved of any claims with regard to this complaint, and orders. that a writ issue to the marshal for the execution of this judgment.—Isidoro Soto Nussa, Judge. I certify, Wm. Falbe, Secretary."

From this judgment counsel for the plaintiff took an appeal which was duly perfected in this Supreme Court, and both parties presented written briefs and made oral arguments· in support of their respective contentions. It should be noted that counsel for the plaintiff stated in his brief that the loss and damage does not reach the amount fixed in the

complaint, because the mortgaged estate partaking of the character of ganancial property, it belongs as to one-half to the defendant Carreras, and as to the other half to the heirs of Maria Monserrate Yrizarry, one of whom is the appellant; so that the indemnity should be reduced to $4,500, one-half the appraised value of the estate, and to legal interest on said sum from the date of the award of said estate to a third person, that is to say, to Rullan. To this should be added that counsel for the plaintiff also stated in his brief that it being a fact that Carreras had received from Frontera the amount of the mortgage, and it not being just that one of the parties should benefit at the expense of the other, Carreras, in the first place, is bound to indemnify the persons prejudiced, and Frontera, subsidiarily, so that the complaint should be allowed, Carreras and Frontera, subsidiarily, being adjudged to pay to the plaintiff and to the other heirs of Maria Monserrate Yrizarry $4,500, the value of the estate mortgaged, and legal interest on said sum from the date of the award thereof to a third person. An examination of the facts, the subject of discussion in this litigation, from a legal point of view, will show at once that the plaintiff has not submitted a certificate of the record of the marriage of Lorenzo Carreras and Maria Yrizarry, which is an indispensable requisite to show that it was celebated on October 29, 1873, as alleged in the complaint, and to ascertain the date on which the conjugal partnership began, which, according to article 1393 of the former Civil Code, being section 1311 of the Revised Code, begins exactly on the day of the celebration of the marriage.

The plaintiff could not have considered himself relieved from submitting this evidence in the proceedings, because the defendant Frontera, in answering the complaint, stated that he neither affirmed nor denied the facts relating to the marriage of Lorenzo Carreras and Maria Monserrate Yrizarry, the birth of a number of children by the marriage, the death of Mrs. Yrizarry, and the declaration of her heirs, accepting

the results of the evidence which might be submitted in support thereof.

It appears to be proved by the order of the Mayaguez court of July 20, 1903, that Maria Monserrate Yrizarry died in the town of Maricao on February 10, 1891, without leaving a will, and leaving, as the result of her marriage to Juan Lorenzo Carreras, five children named Juan Lorenzo, Ramon Domingo, Juan Antonio, Maria Dolores Filomena and Jose del Carmen Domingo, who, together with the widower, Juan Lorenzo Carreras, the latter in the widower's proper portion, were designated the intestate heirs of the former; and there are also indications in the record that Juan Antonio Carreras was of age, and his brother, Jose del Carmen Domingo, 19 years of age on the date that the District Court of Mayagüez appointed the former as guardian *ad litem* of the latter—that is to say, on November 10, 1903—from which it may be assumed that about 1880 Juan Lorenzo Carreras and Maria Monserrate Yrizarry were already married. But Juan Lorenzo Carreras and his brother, Rev. Antonio Ramos Colon, acquired from Eugenio Comas by public deed of July 5, 1874, the estate of which Carreras subsequently became the absolute owner on account of Ramos Colon not having paid to the latter his part of the price, this estate being the same one which Juan Lorenzo Carreras exchanged by public deed of May 9, 1888, for one belonging to Hilarion Anglero which he mortgaged by public deed of March 1, 1899, the nullity of which is the subject of discussion in these proceedings.

Juan Lorenzo Carreras appears as married in the deeds of June 5, 1874, May 9, 1888, and March 1, 1899, and he was undoubtedly married to Maria Monserrate Yrizarry at the time of the execution of the second instrument, and to another lady whose name does not appear, at the time of executing the third; but it is not known whether, notwithstanding the fact that he appears as married at the time of executing the first deed of June 5, 1874, he was married to Maria Monserrate Yrizarry or to some one else; a doubt which

finds positive foundation in the fact that in the deed of May 9, 1888, it is stated that Carreras, by another public instrument of April 2, 1878, acknowledged that he had received the sum of 1,961.12 *pesos,* representing the portion of his minor children, Maria Jose and Maria Emilia del Carmen, who do not appear among the children of Lorenzo Carreras and Maria Monserrate Yrizarry, the declared heirs of the latter.

It is not possible, therefore, to ascertain whether Carreras was married to Maria Monserrate Yrizarry when he acquired with his brother, Antonio Ramos Colon, by deed of June 5, 1874, the estate which he later exchanged for one belonging to Anglero, by deed of May 9, 1888, mortgaging it later in favor of Ramon Frontera; and, as there are no means, therefore, of determining whether the first estate formed part of the property of the conjugal partnership of Carreras and Mrs. Yrizarry, it is impossible to make such affirmation with respect to the estate mortgaged to Frontera, because the latter was substituted in place of the former by exchange, and its character of conjugal property depends on the first one, that is to say, that given by Frontera in exchange, being of such character.

It was the duty of the plaintiff to establish the facts determining the conjugal character of the estate mortgaged to Frontera, on which character is based the annulment of the mortgage and consequent claim for loss and damage; and in the absence of such proof, the complaint cannot be sustained, it being unnecessary to consider and discuss the exception of prescription taken by the defendant Frontera.

For the reasons stated, the judgment appealed from should be affirmed, with the costs of the appeal against the appellant, Jose del Carmen Domingo Carreras.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras and Mac-Leary concurred. Mr. Justice Wolf did not take part in the decision of this case.